HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEVIN BOGUE,<br><br>        Plaintiff,<br><br>    v.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br><br>        Defendant. | CASE NO. C14-5799 RBL<br><br>ORDER AWARDING ATTORNEY'S FEES AND COSTS<br><br>[DKT. #8] |

THIS MATTER is before the Court on Plaintiff Kevin Bogue's Motion for Attorney's Fees and Costs [Dkt. #8].

Plaintiff Bogue owed $23,839.61 for medical services provided by St. Joseph Medical Center ($20,106.47) and Franciscan Health ($3,733.14). The Franciscan debt was 100% forgiven through charity assistance. St. Joseph sent Bogue's debt to Defendant NCO for collection. NCO sent Bogue a collection letter stating the balance due, creditor's name, and date of service. Six months later St. Joseph forgave Bogue's debt through charity assistance. Bogue sued NCO, claiming that its attempts to collect the (later forgiven) debt violated the Fair Debt Collection Procedures Act.

1   NCO immediately made an Offer of Judgment in the amount of "$1,001 plus reasonable

2   attorney's fees and costs." [Dkt. #7, Exhibit 1]. Bogue promptly accepted the offer [Dkt. #6], and

3   the clerk of the court entered a judgment for that amount [Dkt. #7]. Bogue now claims that

4   $5,445.50 —including $1,430 incurred after the judgment—is a reasonable fee. He also seeks

5   $365.50 in costs, for a total of $5810.50. NCO argues that the request is facially unreasonable in

6   light of the amount recovered and the effort required to recover it. It also points out that Bogue's

7   claim was based on a factual assertion—that the debt had been forgiven—that was not true. The

8   Court must determine whether $5445.50 is a reasonable fee based on the facts of this case.

9   Determining a reasonable attorney's fee is "committed to the sound discretion" of the

10  Court. *Perdue v. Kenny A.*, 559 U.S. 542, 558 (2010). A Court may reduce a requested fee award

11  where a fee request appears unreasonably inflated or deny a request in its entirety when the

12  request is so excessive it "shocks the conscience of the court." Jadwin *v. County of Kern*, 767

13  F.Supp.2d. 1069, 1100 (E.D. Cal. 2011); *Fair Housing Council v. Landow*, 999 F.2d. 92, 96 (4th

14  Cir. 1993).

15  The most critical factor in determining the reasonableness of a fee award and the proper

16  amount to be awarded is the level of a plaintiff's success. *Hensley v. Eckerhart*, 461 U.S. 424,

17  429 (1983). In cases involving limited success, the Court may simply reduce the award to

18  account for the limited success. *Harris v. Marhoefer*, 24 F.3d 16 (19th Cir. 1994) (attorneys' fee

19  reduced by 50% because plaintiff sought $5,000,000 in damages, but jury awarded only

20  $25,000). Measured against the plaintiff's success, the accepted settlement offer, a reasonable fee

21  is not one that is five times the settlement.

22  Bogue claims that his lawsuit was validly pursued and that his fee request is reasonable.

23  Bogue argues that his claim had merit because his debt had been forgiven and NCO sent a

24

harassing letter in violation of the FDCPA. Bogue argues his fee request is reasonable because it reflects the time his attorney spent pursuing his claim.

NCO argues that it promptly settled Bogue's bogus FDCPA claim for practical reasons, not because the claim had merit. Bogue's claim primarily and necessarily depended on facts—that his St. Joseph's debt had been forgiven, and that the NCO letter sought to collect a debt that was not owed (due to "charity forgiveness")—that demonstrably was not true. The hospital's charity post-dated the letter by six months.

NCO points out that a large portion of Bogue's fees (more than the principal amount recovered) were allegedly incurred *after* it promptly surrendered, in part to avoid wasting attorneys fees on a nuisance case. The case required no discovery and no motions practice, and Bogue's six page complaint is a facsimile of his recently-dismissed claim against another debt collector, ARStrat. [See *Bogue v. Patient Account Service Center, LLC*, Cause No. 14-5609RJB]. NCO argues Bogue is seeking a windfall.

It is certainly true that many collection agencies use dishonest collection techniques, and the FDCPA is a well-intentioned (if misguided) effort to discourage, and even punish, those practices. But it is also true that this court has seen an infestation of debtors using the FDCPA as a sword, not a shield. Some even seek to turn their own failure to pay into profit, repeatedly. The record does not support the conclusion that NCO violated the FDCPA, and it does not support the conclusion that the fee request is reasonable.

Awarding more than 500% of a nuisance settlement of a flimsy case that required no real effort is not a reasonable fee; it is a miscarriage of justice. A reasonable fee in this (and,

probably similar cases) is not more than the amount recovered. The Court will award a reasonable attorney's fee in the amount of $1,001.00, and costs of $365.50.

    IT IS SO ORDERED.

    Dated this 4th day of December, 2014.

                                        /s/ Ronald B. Leighton
                                        RONALD B. LEIGHTON
                                        UNITED STATES DISTRICT JUDGE